FORGAN and others, Trustees, Appellants, vs. SMEDAL, Sheriff, Respondent.

*January 15—February 10, 1931.*

For the appellants there was a brief by *Sanborn, Blake & Aberg* and *Ernest H. Pett,* all of Madison, and oral argument by *Mr. Pett* and *Mr. John B. Sanborn.*

For the respondent there was a brief by *Richmond, Jackman, Wilkie & Toebaas,* and oral argument by *F. Halsey Kraege,* all of Madison.

NELSON, J.   This action was tried before the court, without a jury, upon a stipulated state of facts which disclosed substantially the following situation: Burnstine Motor Sales Company of Chicago, Illinois, on the 22d day of July, 1929, sold to one Eleanor Schlegel of Chicago, Illinois, a Chrysler automobile.   At the time of such sale the seller and buyer entered into a conditional sales contract wherein the buyer agreed to pay the seller a balance of $758.06 in sixteen equal monthly instalments beginning the 22d day of August, 1929. This contract was thereafter duly assigned by the seller to the plaintiffs, who thereby became the owners thereof.   Said contract was an Illinois conditional sales contract and provided among other things as follows:

"Purchaser shall not remove or attempt to remove said car from the county and state given above as purchaser's address without the written consent of the seller."

The plaintiffs were not, at the time of the commencement of this action, licensed to transact business in the state of Wisconsin. The contract was not filed in the city of Chicago or in Cook county. The state of Illinois had not adopted the Uniform Conditional Sales Act and had no other statute requiring such contracts to be filed of record. In Illinois an unfiled conditional sales contract is valid as against creditors of the buyer who attach or levy on such property in the state of Illinois. On the 4th day of August, 1929, Eleanor Schlegel removed the automobile into the state of Wisconsin for a vacation trip of a week's duration. She brought the automobile to Dane county. The plaintiffs had no knowledge or information that the automobile had been thus removed to the city of Madison or vicinity until on or about the 5th day of October, 1929. The plaintiffs at no time consented to the removal of said car from Cook county. On the 8th day of August, 1929, at about 8:30 o'clock p. m., said car, while being operated by Eleanor Schlegel, near to the city of Madison, collided with another automobile owned and driven by Agnes Power of Madison and in which Catherine Hobbs and other persons were riding. Both automobiles were greatly damaged and Catherine Hobbs sustained severe personal injuries. Immediately following the collision Eleanor Schlegel had her car removed to a garage in the city of Madison. She instructed the garage to commence the repair of her automobile immediately. On the 5th day of September thereafter said automobile, which was then but partly repaired and still located at said garage, was attached by the defendant sheriff in an action commenced in the superior court of Dane county, wherein Agnes Power was plaintiff and Eleanor Schlegel was defendant. On the 17th day of September thereafter said automobile, but partly repaired, and still located at said garage, was attached a second time by the defendant sheriff in an action in superior

court wherein Catherine Hobbs was plaintiff and Eleanor Schlegel was defendant. On the 5th day of October thereafter plaintiffs received notice from Eleanor Schlegel, or her attorneys, that the automobile was located at the city of Madison where the same had been attached and where it had been stored for repairs since the evening of the collision. Plaintiffs communicated with the chief of police of the city of Madison to verify the information concerning the attachment of .the car. The plaintiffs in the two attachment actions had no knowledge or information at the time of the attachments, or before the 5th day of October, 1929, that the automobile was subject to a conditional sales contract, but believed that said car was the property of Eleanor Schlegel. On the 9th day of November, 1929, the plaintiffs replevied said automobile on the ground that said car was removed from Cook county without the consent of plaintiffs; that said car had been attached in Wisconsin• and that the buyer had defaulted in payments due on the contract. The plaintiffs at no time filed their conditional sales contract, or a copy thereof, either in the city of Madison or in Dane county.

The court concluded that the plaintiffs were not entitled to recover the automobile and entered judgment dismissing the complaint of the plaintiffs.

This controversy is concededly governed by the Uniform Conditional Sales Act, which was adopted in Wisconsin in 1919 and appears as ch. 122 of the Statutes.

So much of sec. 14 of the act (sec. 122.14, Stats. 1927) as is pertinent to this action provides:

"When, prior to the performance of the condition, the goods . . . are removed from another state into a filing district in this state where such contract or copy is not filed, the reservation of the property in the seller shall be void as to the purchasers and creditors described in section

122.05, unless the conditional sale contract or a copy thereof shall be filed in the filing district to which the goods are removed, within ten days after the seller has received notice of the filing district to which the goods have been removed. . . ."

Sec. 122.05 of the Statutes provides:

"Every provision in a conditional sale reserving property in the seller, shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as provided in this chapter. . . ."

The language of these provisions with the possible exceptions of "the goods . . . are removed from another state into a filing district in this state where such contract or copy is not filed" is clear and free from ambiguity. It will be noted that the vendor is under no obligation to file his contract in the place to which the goods have been removed until he has notice that the goods have been removed into this state and until he has notice of the filing district to which the goods have been removed. If the facts of this case showed a removal in fact of the automobile from the state of Illinois into a filing district in this state, we should have no hesitation in holding that sec. 14 applies and required the plaintiffs, as assignees of the seller, to file their contract or a copy thereof in the filing district in this state.

Sec. 14 of the Uniform Conditional Sales Act has been construed by the supreme court of New Jersey in a case involving the removal of an automobile from the state of New York to the state of New Jersey. *Thayer Mercantile Co. v. First Nat. Bank,* 98 N. J. L. 29, 119 Atl. 94. In that case the plaintiff sold an automobile in New York state to one Chaffee on December 20, 1920, under a conditional sales contract. Under the law of New York where the contract was made, the contract would have been valid as to

attaching creditors. Shortly after the contract was entered into Chaffee removed the car from New York to New Jersey without the knowledge or consent of the plaintiff and in violation of the terms of the contract, which prohibited its removal from New York without the written consent of the plaintiff. Almost immediately after the car was taken to New Jersey the defendant bank attached the car. On December 28, 1920, plaintiff learned of the attachment but failed to file its conditional sales contract, or a copy thereof, in New Jersey within ten days after receiving notice of the removal of the car, or on any subsequent date. In the situation presented in that case the court held that the "reservation of title could only be made effective as against the attaching creditor by complying with the statutory requirement and filing the conditional sale contract, or a copy thereof, in the office of the county clerk of Middlesex county within ten days after December 28, 1920; and this, as we have before stated, was not done."

In discussing the law the court said:

"And at common law the ownership of the conditional vendor is paramount to the claims of creditors of his vendee. *Woolley v. Geneva Wagon Co.* 59 N. J. L. 278, 35 Atl. 789. This being the law of the forum in which the agreement for sale was made and consummated, the question presented is whether the superior right of the vendor as it existed before the chattel was removed into this state is avoided by force of our own statute. We think that it is; at least so far as the claims of resident creditors of the conditional vendee are concerned. As a general rule, a transfer of property, valid where made, is effectual everywhere; but a universal recognized exception to this rule is that, where it is opposed to some statutory policy of the state of the *rei sitæ,* and where it is sought to be enforced, the statute is paramount, and the rule is nullified thereby. *Varnum v. Camp,* 13 N. J. L. 326, 25 Am. Dec. 476; *Moore v. Bonnell,* 31 N. J. L. 90; *Bentley v. Whittemore,* 19 N. J. Eq. 462, 97 Am. Dec. 671. And so where a state, in the

exercise of its sovereign power, regulates by positive law the disposition of personal property found within its borders, and prefers its own attaching creditors to a foreign assignee of a chattel, or the conditional vendor thereof, the statutory right conferred upon the resident creditor overrides the rights of such assignee or conditional vendor vested in him by the law of the forum where the contract was made."

The court sustained the attachment for the reasons that the plaintiff had failed to file its contract, or a copy thereof, in the filing district to which the goods were removed within ten days after the plaintiff had received notice of the filing district to which the goods had been removed.

This case was subsequently affirmed by the New Jersey court of appeals. *Thayer Mercantile Co. v. First Nat. Bank,* 98 N. J. L. 907, 121 Atl. 927. This case has been cited with approval in several New Jersey cases and in at least two cases in other jurisdictions. *Morey & Co. v. Schaad,* 98 N. J. L. 799, 121 Atl. 622; *Commercial Credit Trust v. Barbier,* 7 N. J. Misc. Rep. 1109, 147 Atl. 861; *Commercial Credit Corp. v. Smith* (N. J. Err. & App.) 148 Atl. 756; *Goetschius v. Brightman,* 245 N. Y. 186, 156 N. E. 660; *Forgan v. Bainbridge,* 34 Ariz. 408, 274 Pac. 155.

The purpose of uniform laws is of course to bring about uniformity. Courts ought, in the interests of uniformity, to construe uniform acts to the end that uniformity may result. As was said by this court in *Milwaukee Tank Works v. Sadlier,* 191 Wis. 233, 238, 210 N. W. 694, 212 N. W. 790:

"The New Jersey cases are the only ones we have been able to find that directly construe the Conditional Sales Act, and our statute, sec. 122.30, provides: 'This chapter shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it.' Hence on the grounds of logic, equity, and uniformity we adopt the construction given the act by the New Jersey courts."

As before stated, we should have no hesitation in holding that sec. 122.14 is applicable if a removal of the automobile from the state of Illinois to Dane county, within the meaning of the statute, actually took place.

The vital question for determination on this appeal, under the circumstances shown by the stipulated facts herein, is: Was the automobile "removed" from the state of Illinois to the state of Wisconsin within the meaning of the following language of sec. 122.14, to wit: "When, prior to the performance of the condition, the goods . . . are removed from another state into a filing district in this state."

When may it fairly be said that an automobile is removed from another state into this state so as to require the filing of a conditional sales contract to which it is subject? Does the mere bringing of a car into this state for temporary purposes, such as a visit or vacation, amount to a removal under our statute, even though such visit or vacation is prolonged with the knowledge of the conditional sales seller for more than ten days? Does not the language "removal from another state into the filing district of this state" rather mean or apply to a removal which is not temporary or for temporary purposes such as a visit or a vacation? Does not this language, when applied to an automobile whose chief characteristic is movability and which exists for the one purpose of transportation between places more or less distant from each other, clearly mean that the auto, in order to be considered "removed" under this statute, must be taken to another state with an intention on the part of its owner to change more or less the permanent situs of the car?

We conclude that the word "removed," as found in the statute, means something more than a mere temporary removal or change of location for temporary purposes. To hold otherwise would give rise to great injustice and would lead to a situation which would, to say the least, render

a conditional sales contract an exceedingly hazardous transaction from the viewpoint of the seller who advances a large part of the purchase price and who makes the purchase by the buyer possible. Automobiles are purchased for the purpose of transportation and every one knows that they are often used for making trips from one state to another for temporary visits or purposes. To hold that an automobile so employed is "removed" from one state to another within the meaning of the Conditional Sales Act, so as to require the seller, after receiving notice, to file his contract, or a copy thereof, in the filing district where the car may be temporarily located, is to write into the act something that seems never to have been intended.

A similar question arose in a case also decided by the supreme court of New Jersey. *Hare & Chase, Inc. v. Tomkinson* (N. J.) 129 Atl. 396. In that case a truck had been purchased by one Tomkinson from the Mack Corporation. Tomkinson lived in New Jersey but his place of business was in the city of Philadelphia. His business was the transportation of goods between Philadelphia and Atlantic City. The truck was ordinarily kept in Philadelphia when not in use at Atlantic City. The truck, according to the terms of the contract, was leased or loaned to Tomkinson. The truck was seized on an execution issued out of a New Jersey court. It was contended that the truck had been removed from Philadelphia into a New Jersey district and that, under sec. 14 of the Conditional Sales Act, the seller had failed to file a copy of the contract within ten days after it had received notice that the truck in question had been removed to a district in New Jersey. In that case it was stated (p. 397):

"The contract between the Mack Corporation and Tomkinson was made in Philadelphia. The situs of the truck was Philadelphia. The word 'removal' in the New Jersey statute does not mean a mere bringing of the truck within the

territorial limits of New Jersey. If this were the law, then no seller who had sold in some other state an automobile upon the instalment plan, with reservation of title, could have his rights protected under the agreement by which the automobile was sold against a New Jersey creditor, if the automobile was brought within the state of New Jersey. As most automobiles are sold upon the instalment plan, it can be readily seen to what such a construction of the act of 1919 would lead. This was not the intention of the legislature. It seems to me that by fixing the situs of the truck in Pennsylvania, as was done by the agreement, a removal to New Jersey, within the meaning of the statute, could only be accomplished by the buyer forming, first, an intent in his mind to remove the truck to New Jersey; and secondly, actually removing the truck to some place in New Jersey which the buyer fixes as the New Jersey situs of the truck. It is like a change of domicile. A change of domicile can only be accomplished by a person intending, first, to change his domicile, and secondly, actually changing it. The two things must concur. They must both be present, namely, the intention and the actual change. . . .

"There is nothing in the evidence in the present case which indicates that Tomkinson had any intention of removing the situs of the truck to New Jersey. The mere fact that it was used in New Jersey in the manner it was, or bore a New Jersey license tag, was no evidence of a removal within the meaning of the statute as above defined. It was necessary for the judgment creditor to prove the change of situs. There was no evidence of it. Therefore, the truck was protected under the agreement made in Pennsylvania which gave a Pennsylvania situs to the truck."

The law of the *Tomkinson Case* was approved by the court of appeals of New Jersey without dissent in *Endler v. Commercial Credit Corp.* (1929) 104 N. J. L. 474, 144 Atl. 582. In discussing the question as to what constitutes a "removal" within the meaning of sec. 14 of the Conditional Sales Act, the court said:

"This question was clearly and definitely settled in an opinion by Justice KATZENBACH in the case of *Hare &*

*Chase, Inc. v. Tomkinson* (N. J. Supp.) 129 Atl. 396 (not officially reported at this writing)."

"Considering the conclusions reached in that case, we are therefore of the opinion that there was no removal in the present case, within the meaning of the Conditional Sales Act (P. L. 1919, p. 466, sec. 14)."

A rather illuminating discussion as to the meaning of the word "removal" as found in sec. 14 of the Conditional Sales Act relating to removal of goods from one filing district to another filing district within the same state is found in *In re Bowman,* 28 Fed. (2d) 620. In discussing secs. 71, 73, and 74 of the Personal Property Law of New York (being secs. 11, 13, and 14 of the Uniform Conditional Sales Act), the court said:

"It will be seen that the removal contemplated by secs. 73 and 74 is not a temporary and transitory removal. There is the idea of permanence and continuance in new location about the word 'removal' as used in these two sections, else why the provision in sec. 74 that the three years' refiling rule of sec. 71 shall apply to the filing district to which the articles are removed as well as to the filing district in which the contract was originally filed? These two sections, taken together, are evidently intended to cover permanent removal from one filing district to another. The buyer is to give the seller ten days' notice of the district to which the removal is to be made and the time of the intended removal. The seller must then file a copy of the instrument in the new filing district within ten days after the receipt of such notice, so that the filing in the new district will concur with or anticipate the time of the arrival of the chattels in the new district. There is thus no opportunity for any time to intervene between the time of the arrival of the chattels in the new district and the time of the filing of a copy of the conditional copy of sale in the new district.

"Surely this more or less elaborate machinery cannot be intended for any temporary, transitory change of location, and is evidently intended only for permanent and continuous change."

There is other language throughout the opinion to the effect that the word "removal" as contained in sec. 14 of the act relates to "a permanent and continuous removal" rather than a temporary one.

We have found no decisions holding to the contrary.

As before stated in this opinion, sec. 122.30 impels us to follow the decisions of other courts in construing uniform acts, to the end that uniformity may result. Under uniform acts uniformity of construction by the courts is greatly to be desired.

In the instant case it clearly appears that Eleanor Schlegel brought the car in question into Wisconsin for the very temporary purpose of spending a week's vacation. During her stay here she became involved in a collision which necessitated her having the car removed to a garage in Madison for repairs. There is no evidence in the case or in the agreed facts that justifies the conclusion that she intended to create, or did in fact create, a new situs for the car within a filing district within the state of Wisconsin, which required plaintiffs to file their contract in this state.

For the reasons stated the judgment of the circuit court must be reversed, with directions to enter judgment in favor of the plaintiffs.

*By the Court.*—Judgment reversed, with directions to enter judgment for the plaintiffs.