## Yellow Manufacturing Credit Company v. Newhard et al.

*Robert A. Stotz* and *George F. Coffin, Jr.*, for plaintiff.
*Edgar A. Nagle*, for defendants.

McCLUSKEY, J., February 4, 1935.—This matter is submitted to the court upon the following agreed facts: On April 23, 1934, General Motors Truck Corporation of Newark, N. J., sold to Harry W. Yeager of Hillside, N. J., a 1½-ton Ford truck for the sum of $369, to be paid for as follows: Cash, $121, and the balance of $248 in deferred payments due at stated intervals. The sale was subject to a written contract commonly known as a conditional sales contract. This contract was assigned by General Motors Truck Corporation to Yellow Manufacturing Credit Corporation on the same day it was executed, and it was duly recorded under the Uniform Conditional Sales Act of New Jersey (Act of April 15, 1919, ch. 210) in Union County on April 25, 1934.

On July 10, 1934, Harry W. Yeager, with the consent of the claimant, transferred his equity in the Ford truck to Joseph R. Perez and Cirilo Alonso, both of Elizabeth, Union County, N. J. On July 14, 1934, the Ford truck, bearing New Jersey license plates, became involved in an accident in Northampton County, Pa., in which accident two horses, owned by Allen Newhard of Northampton County, Pa., were killed and a Deere binder, also owned by Newhard, was damaged.

Newhard, on July 17, 1934, caused to be issued a writ of foreign attachment against Joseph Rodriquez, Joseph R. Perez, Cirilo Alonso, and General Motors Acceptance Corporation, which action was listed in the Court of Common Pleas of Northampton County to no. 29, Sep-

tember term, 1934. The damages claimed by Newhard are $600. The sheriff of Northampton County made return of the writ nihil habet as to the four defendants and attached as commanded, on July 17, 1934, the said Ford truck, finding the same at Northampton, Northampton County, Pa., in the possession of one R. H. Bartholomew, who was summoned as garnishee.

On the day the accident happened, there was a balance of $206.60 due on the conditional sales agreement to Yellow Manufacturing Credit Corporation. On January 7, 1935, Yellow Manufacturing Credit Corporation petitioned for leave to intervene and interplead without the issuance of a rule to show cause why an issue should be framed to determine the ownership of said Ford truck. It was agreed between the parties that Yellow Manufacturing Credit Corporation should have the right to intervene and interplead without the filing of a bond but to leave the possession of the truck unchanged until the determination of the question whether or not the conditional sales contract here involved is paramount to the claim raised on behalf of Allen Newhard. It is admitted that the conditional sales agreement was filed in Union County, N. J., within 10 days after its execution. The contract was not filed in the State of Pennsylvania. It was further admitted that the Ford truck at the time of the accident was temporarily in the State of Pennsylvania, used in conveying coal from Pennsylvania to the State of New Jersey.

The question to be decided is: Is the conditional sales contract, on which there is due a balance of $206.60 and which is the property of Yellow Manufacturing Credit Corporation, valid as against Allen Newhard and paramount to the attachment secured by Allen Newhard?

Newhard's contention is that because Yellow Manufacturing Credit Corporation failed to file the conditional sales contract or a copy thereof in the filing district, to wit, Northampton County, Pa., within 10 days after it had received notice of the filing district to which the goods

had been removed, the reservation of the property in the seller is void as to purchasers and creditors described in section 5 of the Uniform Conditional Sales Act of May 12, 1925, P. L. 603, 69 PS §402.

The claimant's contention is that the truck, on the day of the accident, was temporarily in the State of Pennsylvania, conveying coal through Northampton County to the State of New Jersey; that on the day of the levy, as a result of the accident, the truck was in a garage for repairs; that the situs of the truck was in Union County, N. J., and not in Northampton County, Pa.; that its presence in Northampton County, engaged as it was in conveying coal, was not such a removal of the truck into Northampton County as is contemplated by section 14 of the Uniform Conditional Sales Act, 69 PS §432; that under the admitted facts there is no evidence that Joseph R. Perez and Cirilo Alonso had any intention of removing the situs of the truck to Northampton County; and that the claimant is protected in its "reservation of property" under the agreement made in New Jersey which gave a New Jersey situs to the truck.

The Uniform Conditional Sales Act has been adopted and is in force in both New Jersey and Pennsylvania. Sections 5 and 14 of said act are identical in both States. Counsel have not cited any Pennsylvania authorities governing the question involved. Upon an examination of authorities in other States, the court is of the opinion that there are two decisions in New Jersey which will aid in determining the question. The controlling feature in the matter before us is the situs of the truck at the time the levy was made. In Thayer Mercantile Co., Inc., v. First National Bank of Milltown et al., 98 N. J. L. 29, 119 Atl. 94, the court said, inter alia:

"The plaintiff company, doing business in New York, sold to one Chaffee, on December 20th, 1920, a certain automobile, under a conditional sales agreement, which was filed in the office of the register of New York county,

the purchase having been made and consummated in that jurisdiction. In less than a week thereafter Chaffee removed the automobile from New York City to Middlesex county, in this state [New Jersey], without the knowledge or consent of the plaintiff and before having paid the full amount of the purchase price. He did this in violation of one of the provisions of the contract, which prohibited him from removing the automobile from the city of New York (which was the place designated for its keeping) without the written consent of the plaintiff. Almost immediately after the car had been taken to Middlesex county the defendant bank sued out a writ of attachment against Chaffee, and the sheriff by virtue thereof attached the car. On December 28th, 1920, the plaintiff, having learned of the existence of the attachment, caused its attorney to write to the attorney of the bank, advising him that the plaintiff had learned of the attachment, and calling his attention to the fact that the removal of the car was in violation of the sales contract, and asserting the right of the plaintiff, because of such violation, to take possession of the car. Some correspondence between these two attorneys followed this initial letter, but was not productive of any result. The plaintiff failed to file its conditional sale agreement or a copy thereof in the office of the clerk of Middlesex county within ten days after receiving notice of the removal of the car to that county, or on any subsequent date.

"On January 20th, 1921, the present suit was instituted.

"The attorneys for the respective parties filed with the stipulation of facts the following agreement: 'Under these facts the question at issue is: Is the provision in the conditional sale contract reserving property in the plaintiff void as to defendants, under the Uniform Conditional Sales Act of New Jersey (*Pamph. L.* 1919), by reason of the fact that the aforementioned conditional sale con-

tract was not filed in the office of the county clerk of Middlesex county?' "

The plaintiff contended that the defendants were estopped from invoking the benefit of the statute because of the correspondence between the attorneys. The lower court considered both questions and held (p. 31) : *"first,* that, under the statute, the reservation of the property in the plaintiff was void, so far as the rights of the bank as an attaching creditor of the vendor were concerned; and *second,* that the claim of the plaintiff that defendants were estopped by their conduct from taking advantage of the protection afforded by the statute was not justified by the facts in the case."

As a result of these conclusions, the court awarded possession of the automobile to the defendants and the plaintiff appealed. The appellate court held (pp. 31, 32) : "The provisions of the Conditional Sales act, so far as they are pertinent to the present issue, are contained in the fifth and fourteenth sections of the statute. *Pamph. L.* 1919, *pp.* 462, 466. The fourteenth section declares that 'when prior to the performance of the condition' (payment of the purchase price in full) 'the goods are removed by the buyer . . . from another state into a filing district in this state where such contract or copy is not filed, the reservation of the property in the seller shall be void as to . . . creditors described in section 5, unless the conditional sale contract, or a copy thereof, shall be filed in the filing district to which the goods are removed, within ten days after the seller has received notice of the filing district to which the goods have been removed.' And the creditors described in section 5 are those who, without notice of the provision in the contract reserving property in the seller until the whole purchase price is paid, 'acquire by attachment or levy a lien upon the goods.' The language of these provisions is free from ambiguity, and our examination of the other sections of the statute satisfies us that they do not in any way re-

strain or limit the natural force to be given to it. In the present case there is nothing in the agreed state of facts tending to show that, at the time the attachment was executed, the creditor bank had any knowledge or notice that the automobile had been purchased by the defendant in the attachment proceedings from the plaintiff under a conditional sale agreement which reserved the title to the automobile in the vendor until the purchase price had been fully paid. This being the case, such reservation of title could only be made effective as against the attaching creditor by complying with the statutory requirement and filing the conditional sale contract, or a copy thereof, in the office of the county clerk of Middlesex county within ten days after December 28th, 1920; and this, as we have before stated, was not done."

On reading over the facts in Thayer Mercantile Co., Inc., v. First National Bank of Milltown et al., supra, we can assume that Chaffee by his acts changed the situs of the automobile from New York County in the State of New York to Middlesex County in the State of New Jersey; that the automobile was attached; and that the plaintiff had knowledge of the attachment and failed to file a copy of the conditional sales agreement within the time specified by section 14 of the Uniform Conditional Sales Act.

In the case of Hare & Chase, Inc., v. Tomkinson et al. (N. J. 1925), 129 Atl. 396, the facts are as follows: A truck had been purchased by one Tomkinson from the Mack Corporation. Tomkinson lived in New Jersey, but his place of business was in the City of Philadelphia. His business was the transportation of goods between Philadelphia and Atlantic City. The truck was ordinarily kept in Philadelphia when not in use at Atlantic City. The truck, according to the terms of the contract, was leased or loaned to Tomkinson. The truck was seized on an execution issued out of a New Jersey court.

It was contended that the truck was removed from Philadelphia into a New Jersey district, and that, under section 14 of the Uniform Conditional Sales Act, the seller had failed to file a copy of the contract within 10 days after it had received notice that the truck in question had been removed to a district in New Jersey.

Upon this state of facts, the court said, inter alia: "The contract between the Mack Corporation and Tomkinson was made in Philadelphia. The situs of the truck was Philadelphia. The word 'removal' in the New Jersey statute does not mean a mere bringing of the truck within the territorial limits of New Jersey. If this were the law, then no seller who had sold in some other state an automobile upon the installment plan, with reservation of title, could have his rights protected under the agreement by which the automobile was sold against a New Jersey creditor, if the automobile was brought within the state of New Jersey. As most automobiles are sold upon the installment plan, it can be readily seen to what such a construction of the act of 1919 would lead. This was not the intention of the Legislature. It seems to me that by fixing the situs of the truck in Pennsylvania, as was done by the agreement, a removal to New Jersey, within the meaning of the statute, could only be accomplished by the buyer forming, first, an intent in his mind to remove the truck to New Jersey; and, secondly, actually removing the truck to some place in New Jersey which the buyer fixes as the New Jersey situs of the truck. It is like a change of domicile. A change of domicile can only be accomplished by a person intending, first, to change his domicile, and secondly, actually changing it. The two things must concur. They must both be present, namely, the intention and the actual change. . . .

"There is nothing in the evidence in the present case which indicates that Tomkinson had any intention of removing the situs of the truck to New Jersey. The

mere fact that it was used in New Jersey in the manner it was, or bore a New Jersey license tag was no evidence of a removal within the meaning of the statute as above defined. It was necessary for the judgment creditor to prove the change of situs. There was no evidence of it. Therefore, the truck was protected under the agreement made in Pennsylvania which gave a Pennsylvania situs to the truck.''

We adopt what was said by the court in Hare & Chase, Inc., v. Tomkinson et al., supra, as controlling in the instant case, as well as what was said in the case of Forgan et al., Trustees, v. Smedal, Sheriff, 203 Wis. 564, 234 N. W. 896. In the instant case, we find a truck having a situs in the State of New Jersey, temporarily engaged in conveying coal from the State of Pennsylvania, through the County of Northampton, to the State of New Jersey. While thus engaged, the truck became involved in an accident in Northampton County, Pa. As a result of said accident, it was taken to a garage for repairs and while there was levied upon by the sheriff in attachment proceedings on an action growing out of the accident. The vendees had no intention of changing the situs of the truck from New Jersey to Pennsylvania. We hold that such temporary presence of said truck in the State of Pennsylvania was not such a removal as is contemplated by section 14 of the Uniform Conditional Sales Act, and that under the circumstances it was not necessary for the claimant to file the conditional sales agreement, or a copy thereof, in Northampton County in order to protect its reservation of property in the truck. Therefore, the conditional sales agreement is valid as against Allen Newhard, the attaching creditor, and paramount to the attachment secured by him.

And now, February 4, 1935, it is ordered, adjudged and decreed that attachment be dissolved, costs to be paid by Allen Newhard.