ASSOCIATES DISCOUNT CORPORATION, Respondent, v. MOHS REALTY, INC., Appellant.

*October 31—November 29, 1966.*

[21] *Lock v. State* (1966), 31 Wis. (2d) 110, 142 N. W. (2d) 183.

For the appellant there were briefs by *Aberg, Bell, Blake & Metzner,* and oral argument by *Lorence D. Wheeler,* all of Madison.

For the respondent there was a brief and oral argument by *Thomas J. Bergen* of Milwaukee.

GORDON, J.   There are two questions presented by this appeal. The first is whether Mr. Bleich, the conditional vendee, "removed" the automobile from Florida to Wisconsin so as to require the vendor to file a copy of the conditional sales contract here pursuant to sec. 122.14, Stats. 1963. The second question is whether the vendor is entitled only to a judgment for possession of the automobile or, on the other hand, whether it was entitled, alternatively, for a judgment for the value of such vehicle.

### Was There a Removal?

The trial judge concluded that the car was not removed to Wisconsin, and we believe that this conclusion is warranted by the record. Whether there has been "removal" as that word is used in sec. 122.14, Stats. 1963, is not to be determined merely by inquiring whether the vehicle has been taken temporarily from one place to another; in prior cases, this court has determined that removal under this statute refers to a permanent change in situs. Thus, in *Forgan v. Smedal* (1931), 203 Wis. 564, 571, 234 N. W. 896, the court framed the question in the following manner:

"The vital question for determination on this appeal . . . is: Was the automobile 'removed' from the state of Illinois to the state of Wisconsin within the meaning of the following language of sec. 122.14, to wit: 'When, prior to the performance of the condition, the goods . . . are removed from another state into a filing district in this state.' "

In its answer to this question, the court made it clear that a temporary transfer did not constitute a removal:

"Does not this language, when applied to an automobile whose chief characteristic is movability and which exists for the one purpose of transportation between places more or less distant from each other, clearly mean that the auto, in order to be considered 'removed' under this statute, must be taken to another state with an intention on the part of its owner to change more or less the permanent situs of the car?"

The policy reasons behind its determination as to the meaning of the word "removal" were asserted by the court:

"To hold otherwise would give rise to great injustice and would lead to a situation which would, to say the least, render a conditional sales contract an exceedingly hazardous transaction from the viewpoint of the seller who advances a large part of the purchase price and who

makes the purchase by the buyer possible. Automobiles are purchased for the purpose of transportation and every one knows that they are often used for making trips from one state to another for temporary visits or purposes. To hold that an automobile so employed is 'removed' from one state to another within the meaning of the Conditional Sales Act, so as to require the seller, after receiving notice, to file his contract, or a copy thereof, in the filing district where the car may be temporarily located, is to write into the act something that seems never to have been intended."

*Forgan v. Smedal* was affirmed in *Confidential Loan & Mortgage Co. v. Hardgrove* (1951), 259 Wis. 346, 48 N. W. (2d) 466, where once again we held that property was not removed for purposes of sec. 122.14, Stats., when the automobile was temporarily located in Wisconsin.

In both the *Forgan Case* and the *Confidential Loan Case,* a vehicle subject to a conditional sales contract was driven to Wisconsin for a brief stay which was extended by reason of an accident occurring in Wisconsin. Nevertheless, the court refused in each case to hold that the property had acquired that degree of permanence which permitted it to have a new situs in this state or, in the terms of the statute, to hold that it had been removed to Wisconsin.

The two aforementioned cases would appear to be dispositive of the case at bar. The appellant, however, urges that when the so-called temporary visit exceeds thirty days there has been removal by reason of the standard fixed in sec. 122.13, Stats. 1963. The latter section provides that a buyer may not remove goods for more than thirty days from a county in which a contract is filed unless he gives appropriate notice to the seller.

We do not regard the thirty-day standard contained in sec. 122.13, Stats. 1963, to be controlling. That section relates to the removal of goods from a *county,* whereas sec. 122.14, Stats. 1963, applies to the removal of goods to a different state. In addition, sec. 122.13 places a duty

upon the buyer, whereas sec. 122.14 sets the responsibilities of the conditional vendor. Instead of imposing a duty upon the seller, sec. 122.13 is actually designed for his benefit; it imposes a duty only upon the buyer of goods. See Commissioners' Note, 2 U. L. A. 22. We believe it clear that it is sec. 122.14 which is germane to the case at bar.

As further evidence that the thirty-day rule of sec. 122.13, Stats. 1963, is inapplicable, we note that the automobile in *Forgan v. Smedal* was in Wisconsin for a period of ninety-seven days before it was seized.

The appellant also urges that the instant case is not comparable to that in which an automobile has been detained in another state by reason of an accident. It is difficult to determine whether there has been an intent to establish actual permanence in the transfer of the location of a motor vehicle. We are, however, satisfied that the trial court was warranted upon the record in the instant case in deciding that Mr. Bleich brought the car here for temporary purposes only, and at no time intended to have the car remain here permanently. In at least six different portions of his testimony, Mr. Bleich expressly referred to his firm and continuous intention to take the car back to Florida rather than to remain with it permanently in Wisconsin. In this respect, his testimony is entirely consistent with that of Mr. Abbaticchio, the representative of the Associates Discount Corporation.

In our view, the circumstances of this case no more establish a removal than they did in the *Forgan Case*. In the latter case, at page 575, this court examined the same portions of the Uniform Conditional Sales Act and referred to the opinion in *In re Bowman* (D. C. N. Y. 1928), 28 Fed. (2d) 620, as follows:

"There is other language throughout the opinion to the effect that the word 'removal' as contained in sec. 14 of the act relates to 'a permanent and continuous removal' rather than a temporary one."

*Is the Vendor Entitled to a Judgment for the Value?*

The judgment in the case at bar awarded the conditional sales vendor either the recovery of the possession or, at its option, its value of $2,000. The appellant contends that Associates Discount Corporation elected to take only the possession of the car and therefore should not be entitled to a judgment in the alternative for the value. The main thrust of the appellant's position stems from the fact that in its amended complaint the prayer for relief asked only for possession and not for the value. This is claimed to have been an election because in its original complaint the prayer sought recovery of the property or $2,000 as the value thereof.

Since the defendant filed a bond and retained the property pursuant to sec. 265.06, Stats., the plaintiff was entitled to the option of a judgment for the recovery of the possession of the property or for the value thereof. Sec. 270.59. We do not believe that the amendment of the *ad damnum* clause rose to the dignity of an election. On the declining influence of the *ad damnum* clause generally, see Note, 50 Marquette Law Review (1966), 167. The plaintiff offered proof as to value, and that evidence would have been wholly immaterial if the appellant were correct in its contention.

There are numerous cases wherein it has been held that pleadings are to be considered as amended to conform to the evidence that was properly before the court. *Apfelbacher v. State* (1918), 167 Wis. 233, 167 N. W. 244; *Mitchell v. Lyons* (1916), 163 Wis. 399, 158 N. W. 70; *Klaus v. Klaus* (1916), 162 Wis. 549, 156 N. W. 963. The plaintiff was not obliged to exercise its option before judgment. *Riess v. Delles* (1878), 45 Wis. 662. On the record before this court it cannot fairly be said that the amendment of the *ad damnum* clause foreclosed the plaintiff from exercising the option which it possessed under sec. 270.59, Stats.

*By the Court.*—Judgment affirmed.