THAYER MERCANTILE COMPANY, INC., A CORPORATION, APPELLANT, v. FIRST NATIONAL BANK OF MILL-TOWN, A CORPORATION, ET AL., RESPONDENTS.

Submitted July. 6, 1922—Decided December 8, 1922.

1. Where a state, in the exercise of its sovereign powers, regulates by positive law the disposition of personal property found within its borders, and prefers its own attaching creditors to a foreign assignee of a chattel, or the conditional vendor thereof, the statutory right conferred upon the resident creditor overrides the rights of such assignee or conditional vendor vested in him by the law of the forum where the contract was made.

2. A reservation of title in chattels, which are removed from the place designated for their keeping in the contract of conditional sale, can only be made effective under sections 5 and 14 of our Conditional Sales act (*Pamph. L.* 1919, *pp.* 462, 466), by filing the conditional sale contract, or a copy thereof, in the filing district to which the goods have been removed, within ten days after the seller has received notice of such removal, and of the place to which they have been taken.

On appeal from the Middlesex County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellant, *Harry Green.*

For the respondents, *Fred W. DeVoe.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action of replevin. The case was tried before Judge Dungan without a jury, upon an agreed state of facts which disclosed the following situation: The plaintiff company, doing business in New York, sold to one Chaffee, on December 20th, 1920, a certain automobile, under a conditional sales agreement, which was filed in the office of the register of New York county, the purchase having been made and consummated

in that jurisdiction. In less than a week thereafter Chaffee removed the automobile from New York City to Middlesex county, in this state, without the knowledge or consent of the plaintiff and before having paid the full amount of the purchase price. He did this is violation of one of the provisions of the contract, which prohibited him from removing the automobile from the city of New York (which was the place designated for its keeping) without the written consent of the plaintiff. Almost immediately after the car had been taken to Middlesex county the defendant bank sued out a writ of attachment against Chaffee, and the sheriff by virtue thereof attached the car. On December 28th, 1920, the plaintiff, having learned of the existence of the attachment, caused its attorney to write to the attorney of the bank, advising him that the plaintiff had learned of the attachment, and calling his attention to the fact that the removal of the car was in violation of the sales contract, and asserting the right of the plaintiff, because of such violation, to take possession of the car. Some correspondence between these two attorneys followed this initial letter, but was not productive of any result. The plaintiff failed to file its conditional sale agreement or a copy thereof in the office of the clerk of Middlesex county within ten days after receiving notice of the removal of the car to that county, or on any subsequent date.

On January 20th, 1921, the present suit was instituted.

The attorneys for the respective parties filed with the stipulation of facts the following agreement: "Under these facts the question at issue is: Is the provision in the conditional sale contract reserving property in the plaintiff void as to defendants, under the Uniform Conditional Sales act of New Jersey (*Pamph. L.* 1919), by reason of the fact that the aforementioned conditional sale contract was not filed in the office of the county clerk of Middlesex county?"

On the hearing before the trial court, however, it was further contended on behalf of the plaintiff that, even if it should be considered that the statute ordinarily would protect an attaching creditor of the vendee resident in this state

against the claim of the vendor, under conditions such as were exhibited in the present case, defendants were estopped by their conduct from invoking the benefit of the statute.

The trial judge, notwithstanding the limitation contained in the agreement of the attorneys, and apparently without objection on the part of the defendant, considered both questions, and held, *first,* that, under the statute, the reservation of the property in the plaintiff was void, so far as the rights of the bank as an attaching creditor of the vendor were concerned; and *second,* that the claim of the plaintiff that defendants were estopped by their conduct from taking advantage of the protection afforded by the statute was not justified by the facts in the case. As a result of these conclusions the court awarded possession of the automobile to the defendants, and the plaintiff appeals.

The provisions of the Conditional Sales act, so far as they are pertinent to the present issue, are contained in the fifth and fourteenth sections of the statute. *Pamph. L.* 1919, *pp.* 462, 466. The fourteenth section declares that "when prior to the performance of the condition" (payment of the purchase price in full) "the goods are removed by the buyer * * * from another state into a filing district in this state where such contract or copy is not filed, the reservation of the property in the seller shall be void as to * * * creditors described in section 5, unless the conditional sale contract, or a copy thereof, shall be filed in the filing district to which the goods are removed, within ten days after the seller has received notice of the filing district to which the goods have been removed." And the creditors described in section 5 are those who, without notice of the provision in the contract reserving property in the seller until the whole purchase price is paid, "acquire by attachment or levy a lien upon the goods." The language of these provisions is free from ambiguity, and our examination of the other sections of the statute satisfies us that they do not in any way restrain or limit the natural force to be given to it. In the present case there is nothing in the agreed state of facts tending to show that, at the time the attachment was executed, the

creditor bank had any knowledge or notice that the auto-
mobile had been purchased by the defendant in the attach-
ment proceedings from the plaintiff under a conditional sale
agreement which reserved the title to the automobile in the
vendor until the purchase price had been fully paid.   This
being the case, such reservation of title could only be made
effective as against the attaching creditor by complying with
the statutory requirement and filing the conditional sale con-
tract, or a copy thereof, in the office of the county clerk of
Middlesex county within ten days after December 28th,
1920; and this, as we have before stated, was not done.

It was suggested on the argument before us that, as the
contract of sale was made and executed in the State of New
York, the rights of the parties to this litigation are to be
determined by the law of that state relating to the respective
rights of the vendor under a conditional sale contract and
of an attaching creditor of the vendee.   It is true that the
agreed stipulation as to facts contains no reference to the
state of the law upon this subject as it exists in New York.
But, in the absence of proof or of an agreement between the
parties, the presumption is that these rights would be there
determined by the application of common law rules.   *Waln*
v. *Waln,* 53 *N. J. L.* 429; *Bodine* v. *Berg,* 82 *Id.* 662.   And
at common law the ownership of the conditional vendor is
paramount to the claims of creditors of his vendee.   *Wooley*
v. *Geneva Wagon Co.,* 59 *Id.* 278.   This being the law of the
forum in which the agreement for sale was made and con-
summated, the question presented is whether the superior
right of the vendee as it existed before the chattel was re-
moved into this state is avoided by force of our own statute.
We think that it is—at least so far as the claims of resident
creditors of the conditional vendee are concerned.   As a
general rule, a transfer of property valid where made is
effectual everywhere; but a universally recognized excep-
tion to this rule is that, where it is opposed to some statu-
tory policy of the state of the *rei sitœ,* and where it is sought
to be enforced, the statute is paramount and the rule is nulli-
fied thereby.   *Varnum* v. *Camp,* 13 *Id.* 326; *Moore* v. *Bonnell,*

31 *Id.* 90; *Bentley* v. *Whittemore,* 19 *N. J. Eq.* 462. And so where a state, in the exercise of its sovereign power, regulates by positive law the disposition of personal property found within its borders, and prefers its own attaching creditors to a foreign assignee of a chattel, or the conditional vendor thereof, the statutory right conferred upon the resident creditor overrides the rights of such assignee or conditional vendor vested in him by the law of the forum where the contract was made. *Varnum* v. *Camp, supra.* The present case comes within the exception to the general rule, and we conclude, therefore, that there was no error in the determination of the trial judge upon the first of the questions submitted to him.

The claim of the plaintiff that the defendants are estopped from appealing to the statute for protection seems to us to be without merit. The contention is that it was induced by the conduct of the bank, or its attorney, to refrain from filing the conditional sale agreement with the clerk of Middlesex county until after the expiration of the ten-day limit fixed by the statute. Neither the stipulated facts nor the correspondence between the attorneys of the respective parties to the litigation, which was submitted to the trial court by mutual consent, contain anything which is even suggestive that the failure of the plaintiff to comply with the statutory requirement as to filing was the result of something that was said or written or done either by the defendant or by its attorney, and we conclude, therefore, that the finding of the trial judge upon this point also was entirely justified by the facts.

The judgment under review will be affirmed, with costs to the defendants.