[Civil No. 2288.   Filed November 21, 1925.]

[241 Pac. 305.]

E. C. BRADSHAW and E. C. BRADSHAW, as Trustee, Appellants, v. KLEIBER MOTOR TRUCK COMPANY, a Corporation, Appellee.

1. Sales—Uniform Conditional Sales Act, Requiring Recordation, Only Intended to Operate on Sales of Property Within or Destined for Use Within State.—Uniform Conditional Sales Act, sections 5, 6, providing that conditional sales shall be recorded within ten days after making, *held* intended to operate only on sales of property in Arizona or destined for use therein.

2. SALES—UNIFORM CONDITIONAL SALES ACT RECOGNIZES VALIDITY OF CONTRACTS MADE ELSEWHERE, BUT REQUIRES RECORDATION WITHIN TEN DAYS AFTER SELLER RECEIVES KNOWLEDGE OF REMOVAL INTO STATE TO PROTECT TITLE.—Uniform Conditional Sales Act, section 14, recognizes the validity of conditional sales contracts made in other states, but, in order to preserve the reserved title, conditional seller must record his contract within ten days after his knowledge of removal of goods into state.

3. SALES—TIME FOR FILING CONDITIONAL CONTRACT BY SELLER AFTER REMOVAL OF PROPERTY INTO STATE BEGINS TO RUN FROM SELLER'S NOTICE OF PLACE TO WHICH PROPERTY HAS BEEN REMOVED.— Under Uniform Conditional Sales Act, section 14, requiring recordation of conditional contract by seller within ten days after his notice of removal of property into the state, the time begins to run, not from the removal, but from the seller's notice of the place to which the property has been removed.

4. SALES—NOTICE NOT IMPUTED TO SELLER OF BUYER'S REMOVAL OF TRUCK CONDITIONALLY SOLD FROM LENGTH OF TIME IT WAS ABSENT FROM STATE—REGISTRATION BEING SUFFICIENT TO PROTECT HIS TITLE.—Where a truck sold under conditional sales contract was removed from place of sale in California without owner's consent or knowledge, the fact that property had been removed from California for one year did not impute to the seller notice of the removal to Arizona; registration of the truck in California being sufficient diligence to protect owner's reserved title.

5. SALES—BUYER'S DELINQUENCY IN PAYMENTS, DURING WHICH TIME SELLER DID NOT KNOW OR LEARN WHERE TRUCK WAS, NOT A WAIVER OF SELLER'S RESERVED TITLE UNDER CONDITIONAL SALE.— Where buyer of a truck under conditional sales contract was delinquent in his payments, during which time seller did not know or learn where truck was, such fact did not amount to a waiver of seller's reserved title in favor of creditor or purchaser without notice, since seller's reserved title to property was never dependent upon financial responsibility of buyer, nor will such reserved title be lost for failure to collect payments when due.

6. SALES—CONDITIONAL SALES CONTRACT, VALID IN CALIFORNIA, VALID IN ARIZONA AGAINST ATTACHMENT LEVY MADE BEFORE EXPIRATION OF TEN DAYS AFTER SELLER HAD NOTICE OF REMOVAL FROM CALIFORNIA.—Where truck was sold under a valid conditional sales contract in California, and removed in violation thereof from California to Arizona, such contract was valid in Arizona

2. Necessity of recording conditional sale in state to which property is subsequently removed, see notes in **Ann. Cas.** 1916A, 882; 35 **L. R. A. (N. S.)** 387; **L. R. A.** 1917D, 942.

6. See 24 **R. C. L.** 453.

against an attachment levy thereon made before expiration of ten days after seller had notice truck had been removed from California to Arizona.

7. ATTACHMENT—EXECUTION—ATTACHMENT AND SALE MADE BEFORE EXPIRATION OF TEN DAYS AFTER SELLER'S KNOWLEDGE OF REMOVAL OF PROPERTY NOT VALIDATED BECAUSE SELLER LEFT PROPERTY IN COUNTY TO WHICH IT WAS REMOVED THIRTY DAYS AFTER KNOWLEDGE OF ITS REMOVAL.—Where property sold under conditional sales contract in California was removed without owner's consent to Arizona, where it was attached and sold under execution sale before expiration of ten days after seller had notice that it had been removed, fact that owner allowed it to remain in county to which it had been removed for thirty days after knowledge of its removal thereto did not have effect of validating such attachment and sale.

---

. See (1) 35 Cyc., p. 686, n. 33.    (2) 35 Cyc., p. 687, n. 49.    (3) 35 Cyc., p. 687, n. 49.    (4) 35 Cyc., p. 687, n. 49.    (5) 35 Cyc., p. 674, n. 69.    (6) 35 Cyc., p. 667, n. 16.    (7) 6 C. J., p. 377, n. 58; 23 C. J., p. 593, n. 40.

APPEAL from a judgment of the Superior Court of the County of Mohave.    E. Elmo Bollinger, Judge. Judgment affirmed.

Mr. W. T. Sprowls and Mr. C. W. Herndon, for Appellants.

Mr. Carl G. Krook, for Appellee.

ROSS, J.—On July 26, 1921, at San Francisco, California, the appellee, Kleiber Motor Truck Company, a corporation, sold to J. O'Shea, Inc., also of San Francisco, under a conditional sales contract, one Kleiber five-ton motor truck, for the consideration of $6,515.68, $1,000 of which was paid, and the balance agreed to be paid at the rate of $300 per month.    Under the terms of the contract the title to property was to remain in the seller until the full purchase price was paid.    It was also provided therein that the property should not be removed from the state of California.

Some time after making the contract—just how long is not shown—the buyer of the truck removed it, or permitted it to be removed, to Mohave county, Arizona, where it passed into the possession of the Dean Mines Company, and was used by such company for trucking purposes, and was recognized by the public as its property. In August, 1922, a creditor of the Dean Mines Company caused said truck to be seized under attachment, and thereafter, on October 28, 1922, to be sold under execution as the property of the Dean Mines Company, at which sale appellant Bradshaw became the purchaser.

The appellee did not give its consent to the removal of the truck to Arizona, and did not know it had been removed here until November 1, 1922, when it was notified by telegraph of the sale of the truck under execution. Upon receipt of such notice the appellee demanded possession of the truck from J. O'Shea, Inc., and also from appellant Bradshaw. The latter refusing to surrender possession, a replevin suit was instituted, and the appellee, having given the statutory replevin bond, was put in possession of the truck, which it immediately removed to California. At the trial of the replevin suit, judgment was entered in favor of appellee, from which judgment the appellant prosecutes this appeal.

The conditional sales contract was not placed of record in California, because the laws of that state do not require the recordation of such contracts. A contract under the terms of which the buyer is given possession, the title of property to be and remain in seller until paid for, under the laws and decisions of California is not only valid as between the immediate parties thereto, but as to all others, including creditors and purchasers for value.

In 1919 the legislature of this state adopted what is known as the Uniform Conditional Sales Act (chap-

ter 40, Laws of 1919). Under sections 5 and 6 thereof a conditional sales contract not recorded, with the county recorder of the county in which the property is first kept for use, within ten days after its making, is void as to any purchaser from or creditor of the buyer without notice. This provision of the law does not operate, and was not intended to operate, on sales where the seller, the buyer, and the property were at the time in another state, and where it was agreed it should remain and be used. It was intended to operate only on sales of property in this state or property at the time destined for use in this state. *Woolley* v. *Geneva Wagon Co.,* 59 N. J. L. 278, 35 Atl. 789. That this is so is made manifest from section 14 of the Uniform Conditional Sales Act, wherein it is provided that, if prior to the performance of the condition the goods are removed from another state into Arizona, the reservation of the property in seller shall be void as to purchasers and creditors described in section 5 of the act, unless the contract or a copy thereof is filed in the filing district to which the goods are removed within ten days after the seller has received notice of such removal. Since the adoption of this provision, the much disputed question, and one on which the courts are sharply divided (*Rodecker* v. *Jannah,* 125 Wash. 137, 215 Pac. 364; 2 Uniform Laws Annotated, Conditional Sales, pp. 23–25), as to what law, that of the state where the contract was made or that of the state to which the goods were removed, should be applied in determining the seller's rights as against creditors and purchasers without notice, is dispensed with. The validity of a conditional contract of sale made in another state is recognized; the only requirement being that it be filed by the seller in the county in this state to which the goods have been removed within ten days after he has received notice of such removal.

The foreign seller, if he has notice, is placed in the same category as the local seller, and, if he would protect his title must comply with the state's recording law. It is plain, however, that the reserved title to property does not become void, unless the seller fails for ten days after notice of the removal to Arizona to record his contract in the proper county. The time for filing runs, not from the removal, but from the seller's notice of the place to which property has been removed.

It is undisputed that the seller in this instance had no actual notice that the truck had been removed from California to Arizona until the fourth day after it had been sold to appellant under execution. But it is contended by appellant that the circumstances were such as to impute notice to the seller of the removal of the truck to Arizona. The length of time the truck had been in Arizona and in use about the Dean Mines Company's property is not definitely shown, but it was approximately one year. It is contended by appellant that, since the seller and buyer were both residents of San Francisco, and the truck was first used on that city's streets in hauling gravel and material, slight diligence on the part of the seller would have discovered when and where it was removed.

Under the contract the use of the truck was not confined to San Francisco. J. O'Shea, Inc., contracted in other cities of that state and on the state's public roads. The California law as to registering the truck with the motor vehicle department at Sacramento, showing the true owner thereof to be the Kleiber Motor Truck Company, had been complied with. No other diligence was necessary to protect the seller's reserved title.

It is also said the buyer of truck was a year behind in payments, and that the fact that seller did not know or learn during that time where the truck

was is conclusive evidence that the seller did not look to the truck but to the personal responsibility of the buyer for the balance of the purchase price; that is, it is contended that, if the seller showed by its conduct that it confided in the integrity and responsibility of the buyer by not forcing collection when due, or retaking the property, it should be treated as a waiver of the seller's reserved title in favor of creditors and purchasers without notice. There is nothing in this contention. The right to reserve title to property until it is paid for is never made to depend on the financial responsibility or lack of such responsibility in the buyer, nor will such reservation be waived or lost by the mere failure to collect payments when due. However, the record shows that the buyer's default was not in failing to make payments but in making payments in lesser amounts than was due each month.

The contract in question, being valid under the laws of California, where it was made, was valid in Arizona, and good as against any attachment or levy thereon before the expiration of ten days after seller had notice that it had been removed from California to Mohave county, Arizona. Defendant's contention that plaintiff in allowing the truck to remain in Mohave county some thirty days after knowledge of its removal thereto had the effect of validating his attachment and sale, even though such attachment and sale were made at a time before the seller knew of such removal, is not tenable. Under the facts, the truck was the property of the seller at the time of the levy, and it continued to be the seller's as against the levy and the sale.

It is clear to our mind that the judgment was correct, and it is therefore affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.