## CHARLESTON.

BANKS-MILLER SUPPLY COMPANY *v.* BANK OF MARLINTON
And
BANKS-MILLER SUPPLY COMPANY *v.* LEWIS-HUBBARD & COMPANY

(Nos. 6345, 6346)

Submitted January 15, 1929.   Decided January 22, 1929.

584

*Fitzpatrick, Brown & Davis,* for plaintiff in error.

*A. P. Edgar,* for defendant in error Bank of Marlinton.

*J. S. McWhorter,* for defendant in error Lewis Hubbard & Co.

HATCHER, JUDGE:

As the same principles of law apply to cases Nos. 6346 and 6345, they will accordingly be considered together.

### No. 6346

On August 2, 1924, Miller Supply Company (now Banks-Miller Supply Company) sold and delivered to R. G. Hill & Company in Pocahontas county for use therein, certain machinery under a conditional sales contract. The contract provided, among other things, that until the purchase price was fully paid the machinery was to remain the property of the seller, and should not be removed from Pocahontas county. The contract was regularly recorded in that county on August 5, 1924. On July 1, 1925, and before the payments due the seller were completed, the buyer removed the machinery to Greenbrier county where it has remained ever since. The buyer became indebted to the defendant, Lewis, Hubbard &

Company, between April 18th and May 7, 1926. On the latter date the defendant instituted a suit against the buyer in Greenbrier county, in which suit the machinery was regularly attached, sold and purchased by the defendant.

The first information the seller had of the removal of the machinery to Greenbrier county was from a letter written to it by the buyer dated October 4, 1926. The first information the defendant had of the claim of the seller was from a letter written to defendant by the seller dated October 5, 1926. The seller filed the contract in Greenbrier county on October 7, 1926.

This is an action of detinue to recover the machinery. At the time the action was instituted, $1,470.34 of the purchase price was due and unpaid to the seller.

## No. 6345

Case No. 6345 is also an action in detinue to recover other machinery sold by the plaintiff to Hill & Company. The facts in this case are similar in every respect to those in case No. 6346, except that in this case the conditional sales contract was dated May 26, 1924, the machinery in question was delivered to Hill & Company on June 4, 1924, the contract was recorded in Pocahontas county on June 16, 1924, and at the sale by the sheriff of Greenbrier county in the attachment suit, the machinery was purchased by the Bank of Marlinton. When this suit was instituted $924.73 of the purchase price of the machinery involved in this case was due and unpaid to the seller.

After the conditional sales contracts in these cases were recorded in Pocahontas county, as directed by section 6, Chapter 99 A, Code, that record was notice "to all the world" of the seller's rights. *Auto Sales Co.* v. *Yost,* 91 W. Va. 483, 485. Those rights are validated by the statute, unless lost by failure to comply with statutory provisions. See section 4 of above chapter. Section 14 declares that where the goods mentioned in a conditional sales contract are removed by the buyer to another county, the reservation of the title of the goods in the seller shall be void as to creditors, unless the contract or a copy thereof be recorded in the county to which

the goods are removed "within ten days after the seller had received notice of the county to which the goods have been removed." The mere removal of such goods to another county, however, does not affect the seller's reservation. His rights are subordinated by the statute to those of creditors, only upon his failure to record his contract within ten days *after receiving notice of the removal.* A different construction of the statute would not be consonant with justice, as one does not lose vested rights by the deed of another, but only by one's own act. Therefore the seller mentioned in section 14, can lose his priorities only by his own indifference to the provisions of the statute, and not by the act of the buyer or the buyer's creditors. Until the seller in these cases received notice of the removal of the machinery to Greenbrier county, section 14 did not apply. Defendants' claims to the machinery were acquired before the seller had such notice. Therefore such claims originated at a time when the reservations of the seller were valid, and the claims are subordinate to the reservations. See *Auto Sales Co.* v. *Yost, supra,* a case similar to these cases in all material respects.

Counsel contend that the failure of the seller to enforce collection of the several amounts due it for more than two years, and its failure to keep informed as to the location of the machinery are circumstances precluding the enforcement of its rights against the defendants, as innocent purchasers. This being an action at law, no period of inactivity less than that prescribed by statute will bar the seller. Besides, if an extension of the time of payment should be held to militate against a seller in such case, then the seller would make no such indulgence, and hardships not contemplated or justified by the law would ensue to the buyer. Constant, or even occasional inquiry as to location of the machinery was not incumbent upon the seller herein, as the buyer had agreed not to remove the machinery from Pocahontas county. The seller could rest on that promise in the absence of information reflecting on the good faith of the promisor. And while the defendants had no actual notice of the reservations of title to the machinery, they are not entirely blameless, they are not "innocent" under the law, in these transactions. In ac-

cepting possession by the buyer as proof of ownership, they did not use the caution required by law. Possession without ownership is had in a number of instances. Possession alone therefore does not denote absolute title; it is merely an indicium of title. In relying on the possession of the buyer without further investigation of the title, the defendants took the risk that such possession might be merely subordinate and not absolute. "Whether the possessor of property has borrowed it, or hired it, or purchased it, and what is the nature and extent of his right to it should be ascertained by one who proposes to deal with him as to such property." *Ketchum & Cummings* v. *Brennan,* 53 Miss. 596, 607.

Counsel contend that the *filing* of the contracts in Greenbrier county on October 7, 1926, is not a compliance with the statute of 1923, which requires *recordation* instead of filing. Recordation of such a contract is designed to give notice, constructive or actual. If the party to be affected has actual notice, the very purpose of recordation is served. *Brown* v. *Woody,* 98 W. Va. 512. Where the claims of creditors to removed property attach prior to the notice to the seller required by section 14, *supra,* (as in these cases), or where creditors have actual notice of the seller's rights (as by the letters of October 5th herein), subsequent recordation would be futile. So what matter if the contracts were not recorded in Greenbrier county after defendants received the letters of October 5, 1926? The defendants show no prejudice by such failure. The statute does not require of the seller the performance of a vain act. Failure to so record the contract did not prevent recovery by the seller in *Auto Sales Co.* v. *Yost, supra.*

The judgment of the circuit court is accordingly reversed in each case, and respective judgments entered here for the plaintiff.

*Each case reversed; judgments here.*