L. ARBETTER, INC., Plaintiff, *v.* WILLIAM ISABEL, Doing Business under the Firm Name and Style of ISABEL & COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, March 24, 1933.

*Sidney Arbetter,* for the plaintiff.

*Henry Silverman* [*David Siskind* of counsel], for the defendant, appearing specially, and also for First National Bank of Canon City, Colo., appearing specially.

GENUNG, J. Upon application of the plaintiff a warrant of attachment against the property of the defendant on the ground that it was a non-resident of the State was heretofore issued by this court. Levy thereunder was attempted to be made by the marshal by purported service of the warrant upon certain alleged debtors of the defendant within the city of New York. The levy was attempted to be made upon certain funds in possession of said alleged debtors which, plaintiff asserts, belonged to the defendant.

The First National Bank of Canon City, Colo., claiming to be the owner of said funds and asserting that said funds were exempt from levy by attachment in this suit, heretofore moved herein, appearing specially, for an order vacating said warrant of attachment. The motion was granted by me on condition that said bank file an undertaking in twice the amount of the value of the property claimed within five days after service of the order with notice of the entry thereof.

The said bank now claims that the imposition of said term in my previous order was error, and that, under the circumstances, the warrant of attachment should have been vacated in its entirety. The defendant, appearing specially, also moves for an order vacating said warrant of attachment.

I was originally of the opinion that the said bank could properly move in this action, and upon that assumption entertained the motion upon the merits. I am of the opinion, however, after a careful reanalysis of the statutory scheme available for the assertion of a third party claim to funds or property attached, that it adopted the wrong procedure, and that the motion could not properly lie, at its instance, to vacate the warrant of attachment, or indeed, to vacate a levy made thereunder. Section 50 of the Municipal Court Code provides the exclusive remedy for a third party claimant who is not a party to the action. While, in substance, my decision directed the filing of the bond which the third party claimant would be mandatorily required to file, this practical equivalent does not obviate the real difficulty that the motion did not properly lie at the instance of the bank. Section 927 of the Civil Practice Act, which permits a third party claimant to apply for an order vacating a warrant of attachment, has no application to the Municipal Court. (*Genovese* v. *Horn*, 116 Misc. 126.) In any event I am of the opinion that in the Municipal Court the remedy of a third party claimant to property levied upon pursuant to an attachment is confined strictly to an attack upon the levy and not upon the warrant. If the third party succeeds in rendering the levy inoperative as to its property, the warrant itself should be left unaffected thereby, since, conceivably, the warrant, if valid, and if otherwise properly issued and executed, may be made the basis of a levy upon a debt or property belonging to the defendant. Upon reargument, therefore, I vacate the order previously made by me on March 2, 1933, granting said motion of the bank.

The motion of the defendant itself does lie, of course, as a matter of right. It presents several questions as to which I shall comment briefly. The levy was not properly made; the summons was not properly served; the return of the marshal was defective; the levy itself appears to have been attended with an unreasonable delay. Aside from these considerations, however, I am of the opinion that section 48 of the Municipal Court Code, as amended by the Laws of 1931, chapter 576, in effect September 1, 1931, is unconstitutional, as violative of the Fourteenth Amendment of the United States Constitution. The reasoning of the Appellate Term in this department in *Drew* v. *Northwestern Corp.* (133 Misc. 706) and in *Mayefsky* v. *Davis* (139 id. 506) seems equally applicable to the section in its present form. The ancient criterion of the constitutionality of a

given statute, *i. e.*, what might be done under its terms, not what was done in the particular case, condemns section 48 of the Municipal Court Code in its present form.

Motion of First National Bank of Canon City, Colo., for a reargument granted; upon reargument, previous order, dated March 2, 1933, vacated, and that motion denied for lack of jurisdiction. Motion of defendant, appearing specially, to vacate warrant of attachment granted.