MONTGOMERY ACCEPTANCE CORPORATION, Appellant, *v.* ANNA COON, Respondent.

Third Department, June 30, 1933.

*Fitelson, Lerman & Mayers* [*Herbert Champagne* and *Harold A. Lerman* of counsel], for the appellant.

*Harry Wallace Williams,* for the respondent.

RHODES, J. Plaintiff's assignor sold an automobile to the defendant under a contract of conditional sale which provided for payments in monthly installments. After paying more than fifty per cent of the purchase price, the vendee defaulted, whereupon plaintiff brought the present action to recover possession of the property. The automobile was replevied by the sheriff March 26, 1930, and after holding the car for three days, as required by statute, it was delivered by the sheriff to the plaintiff.

The defendant has interposed an amended answer denying plaintiff's right to possession and setting up a counterclaim alleging that plaintiff did not sell the property at public auction within thirty days after the retaking. Judgment has been awarded her upon the counterclaim.

The only question presented on the appeal is one of law. When did the retaking occur within the meaning of the statute, section 79 of the Personal Property Law, which requires the seller, after retaking, to sell the property at public auction, " such sale to be held not more than thirty days after the retaking? " The learned trial court held that the retaking occurred when the sheriff took possession of the property. The appellant argues that the retaking is not complete until the property is awarded to the vendor by final judgment in the action brought to recover the same. Section

76 provides in part: "Unless the goods can be retaken without breach of the peace, they shall be retaken by legal process."

In *Spitaleri* v. *Brown* (163 App. Div. 644) the vendor replevied property sold on conditional sale and during the pendency of the action sold such property. The vendee then brought an action to recover damages on the theory that the sale was premature, and recovered judgment for the amount of installments paid. The court held that the chattel was in *custodia legis* during the pendency of the action to recover it and was not retaken by the vendor until it was awarded to him by the final judgment in that action, and that the sale by the vendor was premature. The reasoning of that case seems applicable here.

By section 78 the vendee has ten days after the retaking in which to redeem. Manifestly if the vendor sells the property before redemption and before the expiration of the period therefor, the vendor thereby renders it impossible for the vendee to redeem, thus depriving the vendee of statutory rights. It is suggested that if the retaking does not occur until the determination of the replevin action, the purchaser's opportunity to redeem must await final judgment therein, and that during such period the vendee, although deprived of the goods, will remain liable for the price. Undoubtedly any vendee who desires to redeem, in accordance with the provisions of the statute, will have no difficulty in enforcing his right so to do; furthermore, if the vendee disputes the vendor's right to retake, possession of the property by the vendee during the litigation may be procured by giving the required undertaking. (Civ. Prac. Act, § 1105.)

The judgment, in so far as it awards defendant damages and costs on her counterclaim, should be reversed, with costs, and the counterclaim dismissed on the merits. The judgment, in so far as it awards plaintiff the chattel in question, should be affirmed, with costs in the court below.

HILL, P. J., CRAPSER and BLISS, JJ., concur; HEFFERNAN, J., dissents on the ground that the date when the sheriff delivered chattel to the plaintiff is to be regarded as the date when the same was retaken.

Judgment, in so far as it awards defendant damages and costs on her counterclaim, reversed on the law and facts, with costs, and the counterclaim dismissed on the merits. Judgment, in so far as it awards plaintiff the chattel in question, affirmed, with costs in the court below.