UNIVERSAL CREDIT COMPANY, Appellant, vs. FINN, Sheriff, Respondent.

*September 14—October 10, 1933.*

For the appellant there was a brief by *Mandelker & Mc-Carthy* of Milwaukee, and oral argument by *James E. McCarthy*.

For the respondent there was a brief by *Gilbert, Ela, Heilman & Raeder* of Madison, and oral argument by *G. Burgess Ela*.

NELSON, J. The facts are carefully stipulated, so this controversy involves merely a question of law. So much of the facts as require recitation are as follows:

The plaintiff is a Delaware corporation licensed to do business in Illinois and Wisconsin. The defendant is the sheriff of Dane county. On or about August 25, 1931, Consolidated Confections Company, an Illinois corporation, hereafter called the company, purchased a truck from an Illinois motor company. The company gave to the motor company a conditional sales contract to secure the unpaid balance of the purchase price. The motor company assigned the contract to the plaintiff. Thereafter the company defaulted by removing the truck from Illinois into this state and by failing to meet the monthly instalments. The truck was removed into Dane county on or about August 25, 1931, where

it has since been located. The plaintiff first received notice that the truck had been removed to Dane county on January 19, 1932. On January 20, 1932, a writ of attachment against the property of the company was duly issued by the circuit court for Dane county in a certain action in which one Wartner was the plaintiff, directed to the defendant as sheriff of said county, and commanding and requiring him to attach and safely keep all of the property of the company within said county, or so much thereof as might be sufficient to satisfy the demand of the plaintiff Wartner. Thereafter, on the same day, defendant attached the truck. On January 20, 1932, the date of the writ of attachment and levy, Wartner, the attaching creditor, was without notice of the fact that the plaintiff held a conditional sales contract upon said property. On January 22, 1932, however, Wartner was notified by the plaintiff that it had a conditional sales contract on the truck. The plaintiff did not, within ten days after receiving notice of the removal of the truck into this state, file its contract or a copy thereof with the register of deeds of Dane county nor has it ever at any time attempted to comply with the provisions of sec. 122.14, Stats.

The parties stipulated that the court should make its conclusions of law and render judgment accordingly.

The trial court in its decision cited *Forgan v. Smedal,* 203 Wis. 564, 234 N. W. 896, and *Thayer Mercantile Co. v. First Nat. Bank,* 98 N. J. L. 29, 119 Atl. 94, and held that the provisions of the contract reserving property in the plaintiff was void as to Wartner, who, without notice of such provision, acquired by attachment a lien upon the truck, before the contract or a copy thereof was filed, the plaintiff not having filed its contract or a copy thereof within ten days after receiving notice that the truck had been removed into Dane county. Formal conclusions of law were made and judgment dismissing the complaint entered.

The plaintiff contends that the court erred in holding the provision of its contract reserving property in the truck *void as to* Wartner, who received notice of such provision during the ten days in which the plaintiff might have filed the contract or a copy thereof in Dane county, after it received notice of such removal. The defendant contends that the failure of the plaintiff to file its contract or a copy thereof within ten days after it received notice that the truck had been removed to Dane county, rendered the provision of plaintiff's contract reserving property in it void as to Wartner, who, without notice of that provision, had acquired by attachment a lien upon the truck before the contract or a copy thereof was filed.

The question for decision therefore is whether the provision of the contract reserving property in the seller is void as to Wartner, who, without notice of the provision of the contract, acquired a lien by attachment before the contract was filed but who, however, did in fact have notice of such provision during the ten-day period in which the plaintiff was required to file its contract or a copy thereof after it received notice of the filing district into which the truck had been removed.

It is conceded that this controversy is ruled by secs. 5 and 14 of the Uniform Conditional Sales Act (secs. 122.05 and 122.14, Stats.). Determination of this controversy therefore calls for a construction of so much of said sections as are applicable to the stipulated facts. In *Forgan v. Smedal, supra,* it was advisedly and considerately said in regard to an automobile sold under a conditional sales contract and thereafter brought into this state for temporary purposes (though such language was not necessary to the decision), that (p. 568) :

"If the facts of this case showed a removal in fact of the automobile from the state of Illinois into a filing district in this state, we should have no hesitation in holding that

sec. 14 applies and required the plaintiffs, as assignees of the seller, to file their contract or a copy thereof in the filing district in this state."

*Thayer Mercantile Co. v. First Nat. Bank, supra,* was cited with approval. That case involved a dispute between an attaching creditor without notice and a seller of an automobile who failed for ten days, after receiving notice of its removal from the state of New York into the state of New Jersey, to file its conditional sales contract or a copy thereof in the state of New Jersey, but who did, within the ten-day period, notify the attorney of the attaching creditor of the conditional sales contract. The New Jersey court held that the "reservation of title could only be made effective as against the attaching creditor by complying with the statutory requirement and filing the conditional sales contract or a copy thereof in the office of the county clerk of Middlesex county within ten days after December 28th, 1920" (the date when the plaintiff therein received notice of the filing district to which the goods had been removed).

Since the language quoted from *Forgan v. Smedal, supra,* was not necessary to the decision and since the precise question before us was not there considered, we have again given careful consideration to the language of secs. 5 and 14 of the act, with the result that we have concluded that the construction given to said sections by the court of appeals of New Jersey is correct.

Sec. 4 provides:

"Every provision in a conditional sale reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided."

Sec. 5 provides:

"Every provision in a conditional sale reserving property in the seller, shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision,

purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale."

Sec. 14, so far as it applies to this controversy, provides:

"When, prior to the performance of the condition, the goods . . . are removed from another state into a filing district in this state where such contract or copy is not filed, the reservation of the property in the seller shall be void as to the purchasers and creditors described in section 5, unless the conditional sale contract or a copy thereof shall be filed in the filing district to which the goods are removed, within ten days after the seller has received notice of the filing district to which the goods have been removed."

Sec. 1 of the act, which defines its terms, provides:

" 'Seller' means the person who sells or leases the goods covered by the conditional sale, or any legal successor in interest of such person."

We think the language of secs. 5 and 14 is so plain and unambiguous as fairly to admit of no construction other than that placed upon them by the New Jersey court of appeals in *Thayer Mercantile Co. v. First Nat. Bank, supra,* and approved by this court in *Forgan v. Smedal, supra.*

In Uniform Laws Annotated, vol. 2, Conditional Sales, p. 24, attention is called to the many cases that have arisen involving controversies between sellers of goods under conditional sales contracts and innocent purchasers thereof in states to which the goods had been removed, and to the conflicting holdings of the courts thereunder. On page 25 the commissioners say:

"If a uniform law with respect to conditional sales were adopted, and this law provided for the refiling of the contract upon removal of the goods, the difficulties illustrated by these cases would be avoided. A slight extra burden would be placed upon the seller in refiling the contract, but

much litigation and loss on the part of the innocent public would be prevented."

We think it plain that if the conditional seller, upon receiving notice of the removal of the goods into another state, does not within ten days thereafter file his contract in the new filing district, the provision of his contract reserving property in such goods is void as to any creditor who, without notice of such provision, has acquired by attachment a lien upon them before the contract or a copy thereof is filed.

There is nothing in the act which provides that if the purchaser or attaching creditor without notice, thereafter and during the ten-day period in which the seller is required to file his contract, receives notice of the provision of the contract reserving property in the seller, that his purchase or attachment thereby becomes invalid as against the seller. Had the commissioners who drafted the act intended so to provide, it would have been a simple matter to have inserted such exception in the law.

We have not overlooked the fact that the supreme court of West Virginia in *Banks-Miller Supply Co. v. Bank of Marlinton,* 106 W. Va. 583, 146 S. E. 521, in applying sec. 14 to the facts of that case, held that where a creditor without notice acquires by attachment a lien, but thereafter, during the ten-day period in which the seller is required to file the contract, received notice of the provision of the contract reserving property, failure to file did not render the provision of the contract void as to such attaching creditor. It seems to us that the West Virginia court was unduly influenced in reaching that conclusion by one of its former opinions in which the Uniform Conditional Sales Act was not involved and which was written prior to the adoption of that act by West Virginia. In *Bradshaw v. Kleiber Motor Truck Co.* 29 Ariz. 293, 241 Pac. 305, the contention that the failure of the seller to file his conditional sales

contract within thirty days after receiving notice of the removal into Arizona of a truck subject to a conditional sales contract in the state of California, validated an attachment and sale even though such attachment and sale were made at a time before the seller knew of such removal, was held, without discussion, to be untenable. It is unfortunate that courts are not in agreement as to the meaning of sec. 14. Careful consideration of the language of secs. 5 and 14 impels us to the conclusion that the construction given to secs. 5 and 14 by the court of appeals of New Jersey and approved by this court in *Forgan v. Smedal, supra,* is correct.

*By the Court.*—Judgment affirmed.