THE HARTFORD ACCEPTANCE CORPORATION, Plaintiff, *v.* ARTHUR KIRCHHEIMER and Another, Defendants.

Municipal Court of New York, Borough of Queens, Second District, February 14, 1938.

Goodman & Werner [*Emanuel Goodman* and *F. M. Sprafkin* of counsel], for the plaintiff.

*Veit E. Kaufmann,* for J. N. Smith, Inc.

*Aaron Greenspan,* for the defendant Arthur Kirchheimer.

KEITH, J. The action is brought by the plaintiff, as assignee of the Packard Motor Company, to replevin an automobile which was sold by its assignor to one William D. Bailey. The sale was made on or about October 22, 1936, in the State of Connecticut by the vendor giving to the vendee a conditional bill of sale. The conditional sales contract was in the usual form, and provided for the payment of the purchase price in installments, for a reservation of title in the seller until the full payment of the purchase price, and that in the event of any default in the payment of any installment all of the installments remaining unpaid should forthwith become due and payable. It was also stipulated that the seller was authorized to seize the chattel should the purchaser default in paying any of the installments when due.

The car was delivered to the conditional vendee, Bailey, in Hartford, Conn., and was registered by him with the Department of Motor Vehicles of Connecticut and bore Connecticut registration plates for the year 1936. Without knowledge of the plaintiff, Bailey removed the vehicle from Connecticut to Queens county, N. Y., in February, 1937, and registered the vehicle with the New York State Bureau of Motor Vehicles. It bore New York registration plates for the year 1937.

In June, 1937, the car was attached by the defendant Kirchheimer, a marshal of the city of New York, in an action brought by

J. N. Smith, Inc., against the conditional vendee, Bailey. J. N. Smith, Inc., was a creditor of Bailey's at the time of the attachment, and without notice of the existence of the conditional sales contract. Not until June 28, 1937, did the plaintiff discover that the vehicle had been removed outside of the State of Connecticut, that Bailey resided in New York, or that the car bore New York registration plates. On that date it received a telegram from Bailey stating that he could make no further payments on the car and that it could be found in the Metropolitan Garage, Woodside, Long Island. Bailey was already in default when he sent this telegram.

On June twenty-ninth the plaintiff informed the defendants of its conditional sales contract, and demanded possession of the car. Defendants refused to surrender the vehicle to plaintiff, whereupon this action was started against the marshal. Simultaneously with the commencement of the action a requisition in replevin was issued. Pursuant thereto the car was replevined and taken from the custody of the marshal and delivered to plaintiff. J. N. Smith, Inc., the judgment creditor, on its own application, was brought in the action as a party defendant. Since it has been pending, the suit of J. N. Smith, Inc., against Bailey has proceeded to judgment in the sum of $204.20.

It is agreed that the unpaid balance due from Bailey to the plaintiff under the conditional sales contract is $666, and that the value of the automobile at the present time is $662.50. It is also agreed that neither the conditional sales contract nor a copy thereof was ever filed in New York State. The parties have further stipulated that the Uniform Conditional Sales Act of Connecticut is the same as that in this State. The claims of the plaintiff and the two defendants in this action are substantially as follows:

The plaintiff claims that, having requisitioned the car in replevin, this was a retaking within the meaning of section 76 of the Personal Property Law, and that because, after such retaking, it was vested with both title and possession, a filing of the conditional bill of sale, or a copy thereof, under section 74 of the Personal Property Law and the Uniform Conditional Sales Act, became unnecessary. The defendant J. N. Smith, Inc., claims that the title of the plaintiff to the automobile under the conditional sales contract was divested and became void by reason of the failure of the plaintiff to file such conditional sales contract or a copy thereof in the county of Queens within ten days after having received notice that the car was in Queens county. The defendant city marshal contends that the complaint in this action must be dismissed for the reason that plaintiff failed to proceed under section 50 of the Municipal Court Code. He urges that section 50 of the

Municipal Court Code is the exclusive remedy by which a claimant to a chattel may recover the same in the hands of a third party, and that replevin will not lie.

The claims of the respective parties present a very interesting question of law, which, so far as the learned counsel for each of the parties has been able to discover, has never been decided in this State. Indeed, in the case of *Goetschius* v. *Brightman* (245 N. Y. 185, at p. 193), Mr. Justice LEHMAN, in writing the opinion, stated: " In this State the Uniform Conditional Sales Act was adopted in 1922. It provides for recording of conditional sales ' within ten days after the seller has received notice of the filing district to which the goods have been removed.' (Pers. Prop. Law, § 74.) It has been held that the positive terms of the statute require the courts to apply the statutory rule though it defeats a title otherwise valid. (*Thayer Mer. Co.* v. *First National Bank of Milltown*, 98 N. J. Law, 29; affd., 98 N. J. Law, 907.) *We need not now decide whether, when the question is presented to us, we shall reach similar conclusions.*" (Italics mine.)

Passing for a moment the question as to whether the retaking by the plaintiff of the automobile by requisition avoids the necessity of its filing the conditional bill of sale in the filing district to which it was taken by Bailey, the conditional vendee, I will first consider the nature of the possession acquired by the plaintiff under its requisition in replevin. Is the requisition only a provisional remedy? Is the property seized under the requisition in *custodia legis* pending the determination of the replevin action? Is the possession of the plaintiff only a tentative one, liable to be divested assuming its failure to succeed in the action? In the case of *Spitaleri* v. *Brown* (163 App. Div. 644) the rule was stated to be as follows: "The chattel was in *custodia legis* during the pendency of the action to recover it, and it was not retaken by the vendor until it was awarded to him by the final judgment in that action." This would seem, however, to be no longer the law, since the decision of the Court of Appeals in the case of *Montgomery Acceptance Corp.* v. *Coon* (263 N. Y. 561). In this case the Court of Appeals reversed the Appellate Division's decision in 238 App. Div. 666. This decision of the Appellate Division cited the *Spitaleri* case with approval and largely based its decision on the doctrine therein laid down. In the case of *Montgomery Acceptance Corp.* v. *Coon*, plaintiff's assignor sold an automobile to the defendant under a contract of conditional sale, which provided for payments in monthly installments. The vendee defaulted after paying more than fifty per cent of the purchase price. The automobile was replevined by the sheriff, who, after holding the car for three days,

delivered it to the plaintiff. The defendant set up a counterclaim alleging that plaintiff did not sell the property at public auction within thirty days after the retaking, and demanding damages. The Appellate Division held that the judgment of the trial court awarding plaintiff possession of the chattel in question should be affirmed, but reversed the judgment in so far as it awarded defendant damages on her counterclaim and dismissed the counterclaim upon the merits. The theory of the Appellate Division was the same as in the *Spitaleri* case — that the chattel was in *custodia legis* during the pendency of the action to recover it, and was not retaken by the vendor until it was awarded to him by the final judgment. The language of the judgment of reversal in the Court of Appeals is as follows: " Upon the ground that replevy by the sheriff with delivery to the plaintiff during the pendency of an action to recover a chattel constitutes a retaking within the meaning and intent of section 76 of the Personal Property Law."

It does not appear from these decisions that the possession of the plaintiff would be affected even where the plaintiff, in retaining the possession of the chattel, violated some provisions of the Personal Sales Act, such as in failing to retain the chattel in his possession for a period of ten days or in failing to sell the same within thirty days after retaking possession. The failure of the plaintiff to comply with the statute would, at best, only give defendant an action for damages.

Having determined that the plaintiff has succeeded in retaking possession of the automobile as contemplated by section 76 of the Personal Property Law and the Uniform Conditional Sales Act, we are again confronted by the original question: Does the fact that plaintiff has legally retaken possession of the automobile render it unnecessary for the plaintiff to comply with section 74 of the Personal Property Law and the Uniform Conditional Sales Act and file the conditional bill of sale in Queens county? Logically, it would seem to me that this question must be answered in the affirmative. The purpose of section 74 of the Personal Property Law and the Uniform Conditional Sales Act in requiring the filing of a conditional bill of sale is to give notice to the world that while the possession of a particular chattel is in one person, the title is in another. There would seem to be no reason for such filing where the possession and title of the chattel are in the same person. (*Breeze* v. *Bayne*, 202 N. Y. 206, 211.) When the plaintiff succeeded in retaking the car under the provisions of the conditional bill of sale for the default of the vendee in failing to pay the installments when due, the conditional sales contract was fully executed, and, for all practical purposes, terminated and at an end. The

filing of the contract after its termination would be of no benefit to the defendant J. N. Smith, Inc., or any one else.

The cases of *Thayer Mercantile Co.* v. *First National Bank of Milltown* (98 N. J. Law, 29; 119 A. 94) and *Universal Credit Co.* v. *Finn* (212 Wis. 601; 250 N. W. 391) are readily distinguishable from the facts of the instant case, in that in neither of these cases did the vendor succeed in retaking possession of the chattel within the period of ten days after learning of its location. Furthermore, in the case of *Goetschius* v. *Brightman* (245 N. Y. 186, at p. 193) the Court of Appeals used the following language: " Distinction may perhaps also be drawn *where the owner has opportunity to reclaim the goods* or to comply with the recording statute after he learns of the removal." (Italics mine.)

The intimation would seem to be that the opportunity to reclaim the goods was equivalent to an opportunity to comply with the recording statute after the vendor learned of the chattel's removal.

I am, therefore, of the opinion that the plaintiff herein has a superior right of possession to that of the attaching creditor, J. N. Smith, Inc., and I hold that possession of the automobile in question should be awarded to the plaintiff as against this defendant.

We have now only to consider the question raised by the learned counsel to the city marshal. Notwithstanding the decision of the court in *Arbetter, Inc.*, v. *Isabel* (147 Misc. 54), I am not satisfied that section 50 of the Municipal Court Code provides an exclusive remedy for a third party claimant to personal property. The statement of the learned justice writing the opinion in that case seems to have been only by way of dicta. Sections which are somewhat analogous to section 50 of the Municipal Court Code are sections 924 and 925 of the Civil Practice Act, as amended by chapter 351 of the Laws of 1936. Prior to this amendment of 1936 these sections were not an exclusive remedy for the retaking of personal property by a third party claimant. An action for replevin was brought in the case of *Crutts* v. *Daly* (84 Misc. 192). These decisions rested largely upon the fact that the word " may " was used rather than the word " must," and until the amendment of 1936, when the word " must " was substituted and sections 924 and 925 were made exclusive remedies, replevin could be brought by a third party claimant. Section 50 of the Municipal Court Code has not been amended by the Legislature, and the word " may " rather than " must " still appears in the section. It would, therefore, appear that it is not the exclusive remedy by which a third party claimant may retake personal property in an action in the Municipal Court, nor is an action in replevin for such purpose barred by any provision of the statute.

Even though we assume for the purpose of argument, however, that the plaintiff in this action invoked the wrong remedy, this would not in itself affect the nature of the possession acquired by the plaintiff. Under the determination laid down in the case of *Montgomery Acceptance Corp.* v. *Coon*, cited *supra*, it does not appear that the plaintiff's possession obtained as a result of the requisition in the replevin action would be affected in any way by the result of that action. Furthermore, it has been held in the cases of *Grossman* v. *Weiss* (129 Misc. 234) and *Mendelson* v. *Irving* (155 App. Div. 114) that inasmuch as under the terms of the conditional bill of sale the plaintiff could have taken possession of the automobile by peaceable means upon the vendee's failure to pay the installments when due, the mere fact that he took possession under a process which was obviously void is immaterial. As stated by Mr. Justice Levy at page 235 in the *Grossman* case: " If plaintiff had a right to retake the property peacefully, without any process whatever, the sheriff acting under the void writ of seizure could certainly be deemed to have functioned as the agent of the plaintiff in such peaceful retaking." Furthermore, in referring to the case of *Mendelson* v. *Irving* (155 App. Div. 114), the court continued: " As was said in the case just cited: ' If one has the right to take possession of personal property without legal process, it is difficult to imagine under what theory he could be deprived of that right if he attempted to exercise it, by legal process which subsequently turned out to be void. In either case plaintiffs' position would be precisely the same.' Plaintiff may, therefore, be regarded as having peacefully retaken the property within the provision of section 76 of the Personal Property Law."

Even if the plaintiff's action should be dismissed, as desired by the city marshal, it is difficult to see how this would avail the defendant J. N. Smith, Inc., anything in so far as obtaining possession of the car is concerned. The plaintiff having a superior right to the possession of the automobile, the defendant at the best would be remitted to an action for damages or the assessment thereof.

The plaintiff will, therefore, have judgment awarding to it the possession of the chattel in question. Let special form of judgment be submitted to me.