279 P.2d 1032

FRONTIER MOTORS, Inc., a corporation, Appellant,

v.

CHICK NORTON BUICK COMPANY, a corporation, Appellee.

No. 5969.

Supreme Court of Arizona.

Feb. 21, 1955.

Rehearing Denied March 22, 1955.

Darrow & D'Antonio, Tucson, for appellant.

Hall, Catlin & Molloy, and Russell E. Jones, Tucson, for appellee.

UDALL, Justice.

Frontier Motors, Inc., an Arizona corporation, defendant below, appeals from a judgment in the sum of $2,600 plus interest and costs, rendered against it and in favor of plaintiff-appellee Chick Norton Buick Company, a corporation, in a replevin action to recover possession of an automobile or the reasonable value thereof. The two questions presented are (a) whether the trial court properly construed provisions of the Uniform Conditional Sales Act as adopted in Arizona in the year 1919 and which now appears as chapter 52, article 6, A.C.A.1939, and (b) whether the rule applied in determining the measure of plaintiff's recovery was proper. The case was tried to the court sitting without a jury. We will refer to the parties as they appeared in the court below—plaintiff and defendant.

There is but little controversy as to the material facts and it is not disputed that the written findings of the trial court are supported by competent evidence. These findings may be summarized as follows:

Plaintiff, an Oklahoma corporation having its principal place of business in Tulsa, on February 5, 1953 delivered possession of a new 1953 Buick Convertible automobile—the subject matter of this litigation—to one J. D. McCall. Title was reserved in plaintiff until the balance of the purchase

price amounting to $2,296.80, including interest, was paid in monthly installments, as required by a conditional sales contract. This contract provided that McCall was to keep the vehicle free of liens and was not to remove the vehicle from Oklahoma without consent of plaintiff. It was further agreed that in the event of any default in the monthly payments, the balance owed under the contract would become immediately due and payable and plaintiff would be entitled to immediate possession of the vehicle. This contract was duly recorded in Muskogee County as required by Oklahoma law.

McCall made no payments under the contract, and without knowledge of plaintiff surreptitiously removed the vehicle from Oklahoma, first to Texas and then on to California. When the second monthly payment became delinquent in March the plaintiff employed one George F. Turner, who operates an Auto Detective Bureau in Tulsa, as its agent to try and locate the car. With the aid of the F.B.I., state and local officers, the plaintiff, through its agent Turner, on October 8, 1953 first learned the whereabouts of the automobile in question, it then being in Tucson, Arizona, in possession of defendant. The latter had purchased the car on October 7th from one Al Golden, relying upon a California pink registration slip purportedly signed in blank by one Lee Richman. The next day Turner presented himself at defendant's place of business in Tucson and demanded that defendant surrender possession of the vehicle to plaintiff. As evidence of plaintiff's title Turner exhibited to one Ray Harris, an officer of defendant corporation, an executed copy of the original conditional sales contract. The plaintiff never filed or recorded a copy of its conditional sales contract in the State of Arizona. Upon defendant's refusal to surrender possession of the vehicle, this replevin action was instituted and defendant was served with summons and copy of the complaint on October 13, 1953. Simultaneously a writ of replevin was issued but the sheriff was unable to locate or seize the vehicle nor did defendant ever deliver possession of the vehicle to plaintiff or the sheriff. On the day defendant purchased the vehicle, it was sold to one Joseph Astiazeran for $2,000, but the sale was rescinded shortly after this action was commenced and the vehicle retaken by defendant. It further appears that in March of 1954 defendant sold it to another person.

In support of its judgment the court concluded as a matter of law:

"* * * 5. That although the plaintiff did not file its contract within ten days of the date that plaintiff had knowledge that the automobile was in the State of Arizona, as provided in section 52–611, A.C.A.1939, as amended, this was not necessary as the defendant was given actual notice on October 9, 1953, and filed a replevin action within six days after such knowledge by the plaintiff."

It is with this conclusion defendant takes issue. Section 52–611, A.C.A.1939, article 14 of the Uniform Act, provides:

"When, prior to the performance of the condition, the goods are removed by the buyer * * * from another state into a filing district in this state, where such contract or copy is not filed, the reservation of the property in the seller shall be void as to the purchasers and creditors hereinbefore described, unless the conditional sale contract or a copy thereof shall be filed in the filing district to which the goods are removed, within ten (10) days after the seller has received notice of the filing district to which the goods have been removed. * * *"

Defendant contends this statute clearly states that unless the conditional sales contract in question was recorded within the ten-day period, the reservation of title in the contract is void as to *bona fide* purchasers, and plaintiff having failed to comply with this provision cannot assert its title against defendant who claims to be a *bona fide* purchaser. Plaintiff on the other hand maintains that the purpose of recording is to give notice, and defendant having had actual notice of plaintiff's title within the ten-day period, this meets the requirement of the statute.

Both parties cite, and in part rely upon our decision in the case of Bradshaw v. Kleiber Motor Truck Co., 29 Ariz. 293, 241 P. 305, 307. The facts are essentially identical with those in the instant case. There, a motor truck sold by conditional sales contract in California (at which time there was no law requiring such a contract to be recorded in that state) was, without the knowledge of the seller brought to Arizona where it was subsequently attached by a creditor of the buyer and sold at a judicial sale. Thereafter the seller for the first time learned of the truck's removal to Arizona and within ten days it gave actual notice of its conditional sales contract to purchaser at judicial sale and demanded possession of the vehicle, but there, as here, it did not at any time record its conditional sales contract in Arizona. The purchaser refused to honor the seller's demands and a replevin action was instituted. This court held:

"The contract in question, being valid under the laws of California, where it was made, was valid in Arizona, and good as against any attachment or levy thereon before the expiration of 10 days after seller had notice that it had been removed from California to Mohave county, Arizona. * * *"

and we sustained the trial court's judgment awarding possession of the vehicle to plaintiff.

An examination of the original record in that case discloses that the precise legal question raised here was there presented. While this court did not elucidate upon the matter its ruling definitely supports plaintiff's position in the instant case.

This obscure point of law has been presented and ruled upon in but four other jurisdictions having the Uniform Conditional Sales Act. The highest appellate courts in New Jersey and Wisconsin have held that upon removal of the chattel to another state requirements of the statute relative to recordation must be literally complied with even though the creditor (new purchaser) has actual notice of contract within such ten-day period. See Thayer Mercantile Co. v. First National Bank, 98 N.J.L. 29, 119 A. 94; affirmed in 98 N.J.L. 907, 121 A. 927; Universal Credit Co. v. Finn, 212 Wis. 601, 250 N.W. 391. On the other hand, in a well-reasoned opinion the Supreme Court of West Virginia—in the case of Banks-Miller Supply Co. v. Bank of Marlinton, 106 W.Va. 583, 146 S.E. 521—held that where there is actual notice within that period, recordation is unnecessary as to such party. To the same effect is a ruling of the Municipal Court of the City of New York, Hartford Acceptance Corporation v. Kircheimer, 166 Misc. 219, 2 N.Y.S.2d 224.

We cannot agree with defendant's contention that to avail itself of the benefits of section 52–611, supra, plaintiff must strictly comply with the provisions requiring recordation of the contract within ten days of acquiring notice of removal.

In the Banks-Miller case, supra, plaintiff had sold goods by conditional sales contract. Thereafter the buyer removed the goods to another county where they were attached and sold at judicial sale to defendant. Plaintiff learned of the removal and within ten days gave defendant actual notice by letter of his reservation of title. The contract was never recorded as required by the uniform act, although there was a filing in the county where the goods were situated. The West Virginia court stated [106 W.Va. 583, 146 S.E. 522]:

"Counsel contend that the *filing* of the contracts in Greenbrier county on October 7, 1926, is not a compliance with the statute of 1923, which requires *recordation,* instead of filing. Recordation of such a contract is designed to give notice, constructive or actual. If the party to be affected has actual notice, the very purpose of recordation is served (cit.). Where the claims of creditors to removed property attach prior to the notice to the seller required by section 14, supra (as in these cases), or where creditors have actual notice of the seller's rights (as by the letters of October 5th herein), subsequent recordation would be futile. So what matter if the contracts were not recorded in Greenbrier county after defendants received the letters of October 5, 1926? The defendants show no prejudice by such failure. The statute does not require of the seller the performance of a vain act. * * "

and judgment for plaintiff was ordered.

We are of the opinion this anaylsis is correct. Certainly actual notice cannot be

held to be of less legal significance than constructive notice. The purchaser has received all the protection afforded by the statute, for constructive notice by recordation is unimportant where actual notice exists and having such notice the purpose of recordation is accomplished. The law does not require the doing of a futile thing.

This holding makes it unnecessary to consider an assignment based on the trial court's refusal to find whether defendant was a bona fide purchaser.

Having concluded that plaintiff was entitled to replevy its Buick car covered by this conditional sales contract, and defendant having refused to surrender possession thereof, the question arises as to what yardstick is to be applied to determine the measure of its recovery. The defendant contends that it raises a question of damages and that:

> " * * * the proper measure of damages is the value of the Buick at the time of trial minus the payments made by the conditional buyer under the conditional sales contract plus interest at the contract rate from the date of default on the conditional sales contract to the date of judgment."

and cites in support thereof a statement appearing in our decision in Higgins v. Guerin, 74 Ariz. 187, 245 P.2d 956, 33 A. L.R.2d 769. Application of such a formula here would sustain only a judgment of approximately $500. On the other hand, plaintiff maintains that under the issues and facts here presented it was entitled to either possession of the car or its value at time of trial.

In the Higgins case, supra, as here, the successful party had only a special interest in the property and we there laid down the formula now relied upon by defendants in order to do justice between the parties under the peculiar facts of that case. Fairly construed, that decision stands for the proposition that in a replevin action a plaintiff having only a special interest in the goods in controversy cannot recover more than the amount of his special interest. In other words, the plaintiff is only entitled to be made whole.

The true rule is that the seller's recovery is limited to the value of its special interest or the value of the chattel where the latter is less than the value of the special interest.

In the instant case it appears from evidence which is uncontradicted, that plaintiff's special interest, i. e., the balance presently due it on the contract including the costs of retaking and attorneys' fees as provided thereunder, far exceeds the value of the automobile. Under these circumstances—there being no privity of contract—plaintiff is entitled to recover the full value of the car in question, assessed at that value which it had at time of trial. Coffey v. Williams, 69 Ariz. 126, 210 P.2d 959. The evidence, while in conflict, fully sustains the trial court's finding fixing this.

value at $2600; accordingly judgment was properly entered for this amount.

Judgment affirmed.

LA PRADE, C. J., and WINDES, PHELPS, and STRUCKMEYER, Jr., JJ., concurring.